UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE MURILLO KACHIMBO,
Petitioner,

v.

CASE NO. 8:07-cv-35-T-17TGW
8:01-cr-212-T-17TGW

UNITED STATES OF AMERICA,
Respondent,
_____/

## ORDER

This cause is before the Court on Defendant Kachimbo's timely-filed motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. §2255 (Doc. cv-1; cr-246). The government filed a response. (Doc. cv-8). Kachimbo then filed a reply to the response (Doc. cv-12).

### Statement of the Case

On August 22, 2001, a grand jury for the Middle District of Florida returned a superceding indictment charging defendant Jose Murillo Kachimbo and four other individuals with conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 App. U.S.C. §§ 1903(g) and 1903(j) and 21 U.S.C. §960(b)(1)(B)(ii) (Count One); and possession with intent to distribute five kilograms or more of cocaine, also in violation of 46 App. U.S.C. §§ 1903(a) and 1903(g) and 21 U.S.C. §960(b)(1)(B)(ii) (Count Two). (Doc cr-50).

On April 24, 2002, a petit jury found Jose Murillo Kachimbo guilty on both counts. (Doc. cr-114) In October 2002, the district court sentenced Kachimbo to 235 months' imprisonment, to be followed by five years' supervised release. (Doc. cr-126, cr-129). Kachimbo directly appealed, Appeal # 02-15919HH. (Doc. cr-140, cr-141).

Kachimbo's conviction and sentence were affirmed by the Eleventh Circuit, United States v. Rivas et al, 91 Fed. Appx. 654 (11th Cir. 2004). He filed a petition for rehearing en banc, which was denied on May 7, 2004. Kachimbo then filed a writ of certiorari with the Supreme Court of the United States, which granted the petition and remanded the case back to the 11th Circuit Court of Appeals for consideration in light of United States v. Booker, 543 U.S. 220 (2005). See Kachimbo v. United States, 543 U.S. 1105 (2005).

On June 1, 2005, after reconsideration, the Eleventh Circuit Court of Appeals again affirmed Kachimbo's conviction and sentence. (Doc. cr-239). On October 31, 2005, Kachimbo filed a timely petition for Writ of Certiorari to the United States Supreme Court. On January 17, 2006, the Supreme Court denied the petition. Rivas et al v. United States, 126 S. Ct. 1158 (2006).

Kachimbo filed a timely § 2255 motion to vacate his sentence on January 5, 2007. (Doc. cv-1, 2; cr-246, 247). Kachimbo raises the following grounds for relief: (a) Kachimbo's sentence constitutes plain error in light of Blakely/Booker; (b) the government obstructed justice by withholding copies of videotapes taken from Navy helicopter that were intentionally not shown to the jury because they show Kachimbo's innocence; (c) Kachimbo's counsel was ineffective for not showing the videotapes to the jury. (Doc. cv-1, 2; cr-246, 247).

2

**Discussion**

<u>Booker/Blakely Violation</u>

Kachimbo claims that his sentence constitutes plain error in light of the <u>Booker</u> decision rendered by the Supreme Court since the trial. See <u>United States v. Booker</u>, 543 U.S. 220 (2005). (Doc. cv-1, 2; cr-246, 247). He argues that this plain error entitles him to a vacation of his sentence.

<u>United States v. Booker</u>, 543 U.S. 220 (2005), <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) are not retroactive on collateral attack. See <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005). Further, "once a matter has been decided adversely for a defendant on direct appeal, it cannot be re-litigated in a collateral attack under §2255." <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1343 (11th Cir. 2000)(quoting <u>United States v. Natelli</u>, 553 F.2d 5, 7 (2nd Cir. 1977)). Kachimbo's <u>Booker/Blakely</u> claim has already been decided by the 11th Circuit on remand from the United States Supreme Court and cannot be relitigated.

<u>Ineffective Assistance of Counsel</u>

A defendant may overcome the procedural bar imposed by <u>Booker/Blakely</u> through a claim of ineffective counsel, but the claim of ineffective counsel must have merit. Kachimbo claims that his counsel was ineffective because the tapes not shown to the jury supports his claim of "actual innocence." (Doc. cv-1, 2; cr-246, 247). Kachimbo further argues that not showing the tapes created a miscarriage of justice. (Doc. cv-1, 2; cr-246, 247).

3

The Sixth Amendment right to counsel is also the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). A lawyer is presumed to be competent to assist a defendant, so the burden is on the accused to demonstrate the denial of the effective assistance of counsel. United States v. Cronic, 466 U.S. 648 (1984). The Court allows a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668 at 689 (1984). The scrutiny of counsel's performance must be "highly deferential." Strickland, 466 U.S. at 689.

Ineffectiveness of counsel may be grounds for vacating a conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by deficient performance. Strickland, 466 U.S. 668. Also, "there is no reason for a court deciding an ineffective assistance claim… to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697. For the performance to be deficient, the court must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690.

If the record is not complete about what counsel's actions were, then it is presumed that counsel exercised reasonable professional judgment. Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000). The reasonableness of counsel's representation is an objective question. Chandler, 218 F.3d 1305. There are no absolute rules that dictate what reasonable performance is for lawyers. Id.

To establish "actual innocence," a defendant must establish that "it is more likely than not that no reasonable juror would convict him." Bousley v. U.S., 523 U.S. 614, 623

4

(1998) (quoting Schlup v. Delo, 513 U.S. 298, 327-328 (1995) (quotation omitted)). "It is important to note that 'actual innocence' means factual innocence, not mere legal sufficiency." Bousley, 523 U.S. at 623.

In the present case, Kachimbo claims that he received ineffective assistance of counsel because his attorney did not show to the jury the video tape of the arrest and the events leading up to the arrest. He also claims that showing this tape would have proven that there was no possible way the drugs could have come from the boat on which he was traveling. Kachimbo and his attorney received the videotapes prior to trial. They reviewed the tapes together and Kachimbo was made aware these tapes would not be used at trial. (Doc. cv-2 at 19). There is no reason Kachimbo should have been "shocked" that the tapes were not introduced as evidence. (Doc. cv-2 at 19). His attorney attacked eyewitness testimony based on the witness' inability to introduce any video or photos implicating Kachimbo. (Doc. cr-115). The attorney chose this strategy and was not ineffective for doing so.

Furthermore, the tapes did not clearly show his actual innocence, as Kachimbo claims. Although they did record everything that happened on the day of the arrest, there was sufficient eyewitness testimony to make up for the shortcomings of the video. (see cr-112; cr-113; cr-114). Numerous eyewitnesses consistently testified that those aboard the go-fast boat dumped cocaine into the water before the arrival of the United States Coast Guard vessel, the Ticonderoga. (see Docs. cr-112; cr-113; cr-114). A significant amount of this cocaine was recovered. This testimony was enough for the jury to find Kachimbo guilty of both counts. The tape would not have been enough for a reasonable

5

juror to find that Kachimbo was not guilty because of all of the eyewitness testimony against him.

Obstruction of Justice and Request for an Evidentiary Hearing

Lastly, Kachimbo claims that the government obstructed justice by withholding copies of the videotapes taken from the Navy helicopter that would have shown the defendants were all innocent of the drug-related charges. Based on this claim, Kachimbo requests the district court to conduct an evidentiary hearing because these videotapes are new evidence.

A petitioner is entitled to an evidentiary hearing if his allegations, taken as true, might merit relief. Harich v. Dugger, 844 F.2d 1464 (11th Cir. 1988), overruled on other grounds by Davis v. Singletary, 119 F.3d 1471 (11th Cir. 1997). An evidentiary hearing is required when the "material facts are in dispute." Turner v. Crosby, 339 F.3d 1247, 1274 (11th Cir. 2003).

In the present case, Kachimbo was able to look at the videos and discussed their contents with his attorney (Doc. cv-2 at 19). The government did not obstruct justice because the tapes were made available to all of the defendants and their counsel before trial. Kachimbo was able to watch the videos with his attorney before the trial and he knew that his attorney was not planning to show the videos to the jury. Any doubt the tapes may have raised would have been cleared up by the extensive eyewitness testimony the government introduced against Kachimbo. (See Docs. cr-112; cr-113; cr-114). The factual witness testimony was not in conflict with what the videos would have shown.

Kachimbo's request for an evidentiary hearing based on a claim against the government for obstruction of justice has no merit.

Accordingly, the Court orders:

That Kachimbo's motion to vacate (Doc. cv-1; cr-246) is denied with prejudice. The clerk is directed to enter judgment against Kachimbo in the civil case and to close the case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of petition. 28 U.S.C. §2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A COA may issue... only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 282 (2004)(quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate to appealability, he is not entitled to appeal in forma pauperis.

**ORDERED** in chambers at Tampa, Florida on this 31st day of July, 2007.

_____
ELIZABETH A. KOVACHEVICH
United States District Judge

AUSA: Brent Armstrong
Jose Murillo Kachimbo